IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01701-BNB

ROGER SCOTT BLACKBURN,

Applicant,

v.

PROWERS CO. COLO. DIST. COURT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER OF DISMISSAL

Applicant Roger Scott Blackburn initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state court conviction. On October 19, 2007, Mr. Blackburn filed an amended application. On October 23, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Blackburn to show cause why the amended habeas corpus application should not be denied for failure to exhaust state court remedies. On November 23, 2007, Mr. Blackburn filed his response to the show cause order.

The Court must construe the amended application and the response to the show cause order liberally because Mr. Blackburn is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Blackburn alleges that he pled guilty and was convicted in 2005 in the Prowers County District Court. He claims that his constitutional rights were violated during the course of the state court proceedings because his attorney had a conflict of interest.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Blackburn does not allege that he has fairly presented his claims to the Colorado Supreme Court. Instead, he argues in the amended application and in his response to Magistrate Judge Boland's show cause order that he has exhausted state court remedies by raising his claim in the Iowa Supreme Court. However, whatever relief Mr. Blackburn may have sought in the Iowa Supreme Court does not satisfy the

2

exhaustion requirement because he is challenging the validity of a Colorado state court conviction. Therefore, because Mr. Blackburn fails to present any reasoned argument for why he has not fairly presented his claims to the Colorado Supreme Court or why state court remedies in Colorado are not adequate or effective, the instant action will be dismissed for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 30 day of Nov., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01701-BNB

Roger Scott Blackburn
Prisoner No. 127949
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_11\30\07\_\_

                                   GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk